# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

SABAL TRAIL TRANSMISSION,
LLC,

    Plaintiff,

v.                                            Case No: 5:16-cv-162-Oc-39PRL

.72 ACRES OF LAND IN
LAKE COUNTY, FLORIDA,
JUAN QUINTANA, AND UNKNOWN
OWNERS, IF ANY,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Juan Quintana's Motion to Dismiss Under Rule 12(b) for Lack of Subject-Matter Jurisdiction (Doc. 12) and Plaintiff Sabal Trail Transmission, LLC's ("Sabal Trail") response in opposition (Doc. 19). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Defendant's motion should be denied.[1]

## BACKGROUND

On February 2, 2016, the Federal Energy Regulatory Commission ("FERC") issued an order which, among other things, granted to Sabal Trail a Certificate of Public Convenience and Necessity ("FERC Certificate") under the Natural Gas Act ("NGA"), 15 U.S.C. § 717f. (Doc. 1, Ex. 4). The FERC Certificate authorizes Sabal Trail to construct

---

[1]The Court is aware of Federal Rule of Civil Procedure 71.1(e)(3)'s prohibition on objections raised outside of an answer. But because Defendant also raised this objection in his answer and the challenge is to the Court's subject matter jurisdiction, the Court did not strike the motion as improper.

and operate 516.2 miles of a natural gas pipeline and related facilities across Alabama, Georgia, and Florida. (Doc. 1 at 3). The NGA grants private natural gas companies the power of eminent domain where they hold a FERC certificate and either cannot acquire the property through contract, or are unable to agree with the owner of the property on the amount of compensation to be paid for the necessary right-of-way. § 717f(h). "Once a [certificate of public convenience and necessity] is issued by the FERC, and the gas company is unable to acquire the needed land by contract or agreement with the owner, the only issue before the district court in the ensuing eminent domain proceeding is the amount to be paid to the property owner as just compensation for the taking." *Maritimes & Ne. Pipeline, LLC v. Decoulos*, 146 F. App'x 495, 498 (1st Cir. 2005); *Millennium Pipeline Co., LLC v. Certain Permanent & Temp. Easements*, 777 F. Supp. 2d 475, 479 (W.D.N.Y. 2011), *aff'd* 552 F. App'x 37 (2d Cir. 2014).

Relying on the FERC Certificate, Sabal Trail filed a complaint under Federal Rule of Civil Procedure 71.1 against Defendant, owner of the subject property, to take the easements necessary to complete the project. (Doc. 1). By his motion to dismiss, Defendant first argues that Sabal Trail elected to proceed under Florida eminent domain law in negotiations, so it is precluded from bringing its claim in federal court under Rule 71.1 and the NGA. (Doc. 12 at 9-17). Second, Defendant argues that the Court lacks subject matter jurisdiction over this action and the related actions because the FERC certificate is not final due to pending requests for rehearing—including a request made by Sabal Trail—before the FERC. (Doc. 12 at 17-25).

# DISCUSSION

## 1. Election to Proceed Under Florida Law and Resulting Choice of Forum

Under § 717f(h), a holder of a certificate of public convenience and necessity is authorized to exercise the right of eminent domain in either "the district court of the United States for the district in which such property may be located, or in the State courts." According to Defendant, Sabal Trail elected to proceed under the color of Florida law by exercising rights granted under Florida law to survey Defendant's property. (Doc. 12 at 11). As such, Defendant contends that Sabal Trail should not now be able to bring this eminent domain action in federal court.

Florida Statute § 361.05 authorizes a natural gas company, like Sabal Trail, to use the eminent domain provisions of Chapters 73 and 74, Florida Statutes, to

> lay its pipelines and works; *to cause such examinations and surveys for the proposed pipelines to be made as shall be necessary for the selection of the most advantageous routes*; to enter upon any land, public or private, necessary to the business contemplated in its charter; to construct its pipelines across, over, under, along, and upon any stream of water, watercourse, canal, lake, bay, gulf, road, street, highway, railroad, and transmission line; to take from any land most convenient to its pipelines and works, any timber, stone, earth, water, or other material which may be necessary to the construction, operation, keeping in repair, or preservation of its pipelines, works, and improvements, upon making due compensation according to law to private owners, with such reservation, if any, of oil, gas, and mineral rights as those owners may determine.

(Emphasis added). Thus, under Florida law, the right to eminent domain is accompanied by a right to survey. A similar right to survey does not exist under federal law.

Defendant alleges that Sabal Trail's representatives contacted private owners as far back as 2013 requesting survey access and limited rights of entry to cause examinations and surveys citing Florida Statute § 361.05. (Doc. 12 at 14-15). When negotiating with

3

these property owners, including Defendant, Sabal Trail did not inform them whether it would proceed under federal or state law. (*Id.* at 15; Doc. 16 at 2-4). Defendant asserts that by exercising the right to survey under Florida law and by informing property owners that it was operating under the color of state law, Sabal Trail made a choice to proceed in state court and this Court therefore lacks subject matter jurisdiction over Sabal Trail's eminent domain complaint. (Doc. 12 at 17).

In support of this unusual conclusion, Defendant cites *Transcontinental Gas Pipe Line Corp. v. 65.47 Acres of Land*, 778 F. Supp. 239 (E.D. Penn. 1991). In *Transcontinental*, the pipeline company first filed a condemnation action in state court, and, after the state court action failed to progress to the pipeline company's satisfaction, it filed a condemnation action in federal court. *Id.* at 240. The court in *Transcontinental* concluded that although the NGA allowed a pipeline company a choice of forum, the choice was mutually exclusive. *Id.* at 241. Stated differently, the court concluded that because the pipeline company chose to proceed in state court, the federal court was divested of jurisdiction over the action under the NGA. *Id.* Sabal Trail contends, and Defendant does not dispute, that Sabal Trail never filed a condemnation case in state court. *Transcontinental* is therefore inapplicable to the present case.

Sabal Trail's decision to avail itself of the Florida law right to survey does not constitute a binding choice of forum. As Defendant points out, federal law does not provide a right to survey, so there exists no conflict between state law and federal law that would require Sabal Trail to avail itself of a specific forum. The Eighth Circuit in *Alliance Pipeline L.P. v. 4.360 Acres of Land*, 746 F.3d 362 (8th Cir. 2014), addressed practically

4

this very question in deciding whether state law should apply to a federal condemnation proceeding, concluding that a pipeline company's "invocation of state law . . . for entry to survey does not necessitate the application of state law [in a federal condemnation proceeding]." If invoking the right to survey under state law does not constitute a binding *choice of law*, it certainly does not constitute a binding *choice of forum*. Common sense dictates that reliance upon state law does not require a party to file an action in state court and certainly would not divest a federal court of jurisdiction over an action.

Defendant argues that the concepts of estoppel and equity should require Sabal Trail to bring this condemnation case in state court. But neither equitable estoppel nor equity require such a result because Sabal Trail's reliance on Florida Statute § 361.05 to conduct surveys was not contrary to or inconsistent with its subsequent decision to file this action in federal court.

In summary, Sabal Trail's invocation of the right to survey under Florida law does not divest this Court of jurisdiction over this matter.

**2. Ripeness**

Currently, there are four requests for rehearing pending before the FERC regarding the FERC Certificate, including a request filed by Sabal Trail. (Doc. 12, Exs. D, G). The rehearing requests are currently under consideration by the FERC.[2] (Doc. 12, Ex. F). Also, § 717r(b) permits review of FERC orders by an appropriate circuit court. Because motions for rehearing are being considered by FERC and the FERC Certificate is potentially subject

---

[2]The FERC order granting the rehearing states that the requests for rehearing were "granted for the limited purpose of further consideration, . . . [so that the] timely-filed rehearing requests will not be deemed denied by operation of law." (Doc. 21, Ex. 2).

5

to review by an appropriate circuit court, Defendant argues that Sabal Trail's claims are not ripe and this Court lack's subject matter jurisdiction. (Doc. 12). Defendant's contention, however, is without merit and overwhelmingly refuted by the many courts that have previously addressed this issue.

The FERC's regulations explicitly provide that its "orders are effective on the date of issuance." 18 C.F.R. § 385.2007(c). The FERC Certificate, issued on February 2, 2016, became final on that date. More important, a request for rehearing has no effect on the finality of an order absent a stay issued from the FERC. Specifically, § 717r(c) states: "The filing of an application for rehearing . . . shall not, unless specifically ordered by the [FERC], operate as a stay of the [FERC]'s order. The commencement of [appellate proceedings] shall not, unless specifically ordered by the court, operate as a stay of the [FERC]'s order." Here, several parties specifically requested a stay from the FERC, and the request was denied. (Doc. 12, Ex. D). Without a stay, the FERC Certificate is final and enforceable.

In the recently-decided case of *Constitution Pipeline Co., LLC v. A Permanent Easement for 2.40 Acres*, No. 3:14-cv-2046 (NAM/RFT), 2015 WL 1638211, at *3 (N.D.N.Y Feb. 24, 2015), the court concluded that a motion for rehearing that was not accompanied by a stay from the FERC did not affect the court's obligation to enforce a FERC certificate. *Accord Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres*, No. 08-168 et al., 2008 WL 4346405, at *3 (W.D. Penn. Sept. 19, 2008) (concluding that a request for rehearing absent a stay does not affect the finality of an order from the FERC); *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2

6

F. Supp. 2d 106, 109 (D. Mass. 1998) (concluding that a FERC certificate is final and binding unless a stay is issued by the FERC); *Ecee, Inc. v. Fed. Power Comm'n*, 526 F.2d 1270, 1274 (5th Cir. 1976) ("A complete resolution of matters before an administrative or judicial tribunal does not wait for finality until an appeal is decided; it is final unless and until it is stayed, modified, or reversed. . . . In the absence of a stay, [FERC's predecessor's] orders are entitled to have administrative operation and effect during the disposition of the proceedings."). Defendant has presented no authority to the contrary.

Because the FERC has not issued a stay, the FERC Certificate is final and binding and Sabal Trail's condemnation case is ripe. Thus, the Court has subject matter jurisdiction to enforce the FERC Certificate.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Defendant Juan Quintana's Motion to Dismiss Under Rule 12(b) for Lack of Subject-Matter Jurisdiction (Doc. 12) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of May, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record